IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIRGIL DELANO PRESNELL, :
:
Petitioner, :
: CIVIL ACTION NO.
vs. :
: 1:07-CV-1267-CC
HILTON HALL, Warden, Georgia :
Diagnostic and Classification Prison, :
:
Respondent. :

## OPINION AND ORDER

This matter is before the Court on the parties' briefs concerning whether any of Petitioner Virgil Delano Presnell's claims for habeas relief are unexhausted and/or procedurally defaulted. Specifically, Respondent asserts that Petitioner's Claim XXVI should be deemed procedurally defaulted because it is unexhausted. Respondent also contends that a portion of Petitioner's Claim II and the entirety of Claims IV, V, VI, VII, XII, XVIII, XIX, XXIII, XXVII, XXVIII, XXIX, XXX, XXXI, XXXII, XXXIII, XXXIV, XXXVI, and XXXVII are procedurally defaulted. The Court has reviewed the record and the arguments of the parties and makes the following rulings.[1]

## I.   BACKGROUND

Petitioner Virgil Delano Presnell (hereinafter "Petitioner") was convicted in 1976 of the kidnaping and murder with malice aforethought of Lori Ann Smith and the kidnaping of Andrea Furlong with bodily injury and forcible rape of Andrea Furlong. The jury sentenced Petitioner to death based on the following aggravating circumstances: (1) that the murder of Lori Ann Smith was committed during the commission of the kidnaping with bodily injury of Andrea Furlong; (2) that the

---

[1]   By entry of this Order, Respondent's Motion Requesting Ruling on Petitioner's Procedurally Defaulted and Unexhausted Claims [Doc. No. 27] is **GRANTED**.

kidnaping with bodily injury of Andrea Furlong was committed during the rape of Andrea Furlong; and (3) that the rape of Andrea Furlong was committed during the murder of Lori Ann Smith. The jury imposed the death penalty for the offenses of rape of Andrea Furlong, kidnaping with bodily injury of Andrea Furlong, and murder with malice aforethought of Lori Ann Smith.

Petitioner appealed his convictions and sentences to the Supreme Court of Georgia. The Supreme Court of Georgia vacated Petitioner's conviction for forcible rape after determining that the trial court had charged both statutory and forcible rape and the jury's verdict did not specify between the two. Presnell v. State, 241 Ga. 49, 52, 243 S.E.2d 496 (1978). The Supreme Court of Georgia ruled that, in light of the ambiguity, the trial court had to sentence Petitioner for the offense of statutory rape. Id. The Supreme Court of Georgia also vacated Petitioner's death sentences for the offenses of forcible rape and kidnaping with bodily injury, as each sentence depended upon the finding of forcible rape, which was vacated. Id. The Supreme Court of Georgia affirmed Petitioner's conviction and death sentence for the murder with malice aforethought of Lori Ann Smith. Id. at 63. The Supreme Court of Georgia likewise affirmed Petitioner's convictions for kidnaping and kidnaping with bodily injury. Id.

After Petitioner filed a timely petition for a writ of certiorari, the United States Supreme Court granted certiorari review on Petitioner's challenge to his conviction for kidnaping with bodily injury and the imposition of the death sentence. Presnell v. Georgia, 439 U.S. 14, 99 S. Ct. 235, 58 L. Ed. 2d 207 (1978). The United States Supreme Court reversed the death sentence, as the Court found that the Supreme Court of Georgia had unambiguously found that the rape was the only evidence of bodily injury to Andrea Furlong. Id. at 16-17. The Court denied Petitioner's challenge to his convictions for murder with malice aforethought, kidnaping, and statutory rape. Id. at 17.

Upon remand, the Supreme Court of Georgia affirmed Petitioner's convictions

for murder, kidnaping, kidnaping with bodily injury, and statutory rape. <u>Presnell</u> <u>v. State</u>, 243 Ga. 131, 132-33, 252 S.E.2d 625 (1979). The Court further clarified its earlier opinion that Petitioner's death sentence for murder with malice aforethought was supported by the statutory aggravating circumstance of kidnaping with bodily injury – with the aggravated sodomy of Andrea Furlong being the bodily injury - and reinstated Petitioner's death sentence for the offense of murder with malice aforethought. <u>Id.</u> at 132. The Supreme Court of Georgia then remanded the case to the trial court with instructions to re-sentence Petitioner for the charges of kidnaping with bodily injury and statutory rape. <u>Id.</u> at 133.

Petitioner thereafter filed a timely petition for writ of certiorari in the Supreme Court of the United States. The United States Supreme Court denied certiorari review on October 1, 1979. <u>Presnell v. Georgia</u>, 444 U.S. 885, 100 S. Ct. 176, 62 L. Ed. 2d 115 (1979). The United States Supreme Court denied rehearing on November 13, 1979. <u>Presnell v. Georgia</u>, 444 U.S. 957, 100 S. Ct. 439, 62 L. Ed. 2d 330 (1979).

On January 8, 1980, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Butts County, Georgia. Following an evidentiary hearing, the superior court denied the petition. Petitioner later filed an amended petition, which the superior court also denied.

Petitioner filed an application for certificate of probable cause to appeal to the Supreme Court of Georgia, which was denied on March 19, 1980. Petitioner then timely filed a petition for a writ of certiorari in the Supreme Court of the United States. The United States Supreme Court denied Petitioner's petition for writ of certiorari on October 6, 1980. <u>Presnell v. Zant</u>, 449 U.S. 891, 101 S. Ct. 254, 66 L. Ed. 2d 120 (1980).

Petitioner filed his first federal habeas petition on June 15, 1981. The district court dismissed the petition without prejudice for failure to exhaust state remedies. Petitioner then filed a second state habeas corpus petition in the Superior Court of Butts County, Georgia, which was dismissed as successive on September 6, 1984.

Thereafter, on November 16, 1984, the Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal.

On May 15, 1985, Petitioner filed a second federal habeas petition. The Honorable Robert L. Vining, Jr. granted the petition as to Petitioner's death sentence based on an improper burden-shifting instruction. The United States Court of Appeals for the Eleventh Circuit reversed the decision of the district court on January 11, 1988, and remanded with instructions. Presnell v. Kemp, 835 F.2d 1567 (11th Cir. 1988). The Eleventh Circuit denied rehearing en banc on July 25, 1988. Presnell v. Kemp, 854 F.2d 1326 (11th Cir. 1988).

On July 11, 1990, Judge Vining again reversed Petitioner's death sentence. This reversal was due to an improper closing argument by the prosecutor in the sentencing phase of trial. The district court denied relief on all other grounds. The State appealed to the Eleventh Circuit, and Petitioner cross-appealed. On April 15, 1992, the Eleventh Circuit affirmed the district court's grant of relief with respect to the death sentence. Presnell v. Zant, 959 F.2d 1524 (11th Cir. 1992).

From February 22, 1999, through March 16, 1999, the Superior Court of Cobb County conducted Petitioner's re-sentencing trial. On March 16, 1999, the jury found the following statutory aggravating circumstances to impose the death penalty; (1) that the murder of Lori Ann Smith was committed by the defendant while the defendant was engaged in the commission of another capital felony, the aggravated sodomy of Andrea Furlong; and (2) that the murder of Lori Ann Smith was outrageously and wantonly vile, horrible, and inhuman in that it involved torture and depravity of mind. Petitioner was then re-sentenced to death.

Petitioner appealed the re-sentencing verdict, and the Supreme Court of Georgia affirmed Petitioner's convictions and sentences on July 16, 2001. Presnell v. State, 274 Ga. 246, 551 S.E.2d 723 (2001). Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on May 13, 2002. Presnell v. Georgia, 535 U.S. 1059, 122 S. Ct. 1921, 152 L. Ed. 2d 829 (2002).

On October 16, 2002, Petitioner filed a state petition for writ of habeas corpus in the Superior Court of Butts County, Georgia. Petitioner filed an amended petition on March 15, 2004. Following an evidentiary hearing held on June 2, 2004, the Superior Court of Butts County denied Petitioner's petition for habeas corpus relief in its entirety on December 30, 2005. Petitioner timely filed his application for certificate of probable cause to appeal to the Supreme Court of Georgia on March 30, 2006, and this application was denied on November 6, 2006.

Petitioner timely filed his federal petition for writ of habeas corpus in this Court on June 1, 2007, and he filed an amended petition on February 12, 2008. Respondent now requests that the Court dismiss Petitioner's unexhausted and procedurally defaulted claims.

## II.   DISCUSSION

### A.   Unexhausted Claim

A federal habeas corpus court may not grant habeas relief to a state prisoner who has not exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, petitioners must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of prisoner's federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (citations and internal marks omitted). The Eleventh Circuit has explained that "[w]hile we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quotation marks and citations omitted).

A "federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Harris v. Reed, 489 U.S. 255, 263, n. 9, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989). "[F]ederal courts may treat unexhausted claims as procedurally defaulted,

even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999) (citation omitted).  Under Georgia law, the failure to raise a claim in a first petition constitutes a waiver of the claim.  O.C.G.A. § 9-14-51. "[R]equiring the petitioner to return to state court only to make a futile application for relief simply delays the federal courts' adjudication of his petition." Kelley v. Secretary of Dep't for Corr., 377 F.3d 1317, 1351 (11th Cir. 2004).  Accordingly, when the record makes clear that an unexhausted claim would be procedurally barred in state court due to a state law procedural default, federal courts may treat the claim as barred and deny federal habeas relief.  See Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998).

If the respondent establishes that a procedural default has occurred, the petitioner may overcome the procedural default in one of two ways.  Petitioner must establish either (a) "cause for the default and actual prejudice as a result" or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Gordon v. Nagle, 2 F.3d 385, 388 (11th Cir. 1993).

In this case, Respondent asserts that Claim XXVI in the First Amended Petition has not been raised in the state courts and is therefore unexhausted.  This claim states the following:

> The state court's improper application of proportionality review violates Mr. Presnell's rights pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

(First Am. Petition at 193-96.)  Respondent maintains that this claim should be treated as a procedurally defaulted claim, as such claim would be found to be "successive" and thus procedurally defaulted pursuant to O.C.G.A. § 9-14-51, if Petitioner raised the claim in a successive state habeas corpus proceeding.

The Court finds that Claim XXVI was fairly presented to the state courts and thus is not procedurally barred.  This claim stems from the proportionality review

conducted by the Supreme Court of Georgia in affirming Petitioner's re-sentence of death on the direct appeal of his re-sentencing trial.  See Presnell v. State, 274 Ga. 246, 551 S.E.2d 723 (2001).  Petitioner challenged the validity of the Supreme Court of Georgia's proportionality review in his state habeas proceedings.  (See Pet. First Am. State Habeas Pet. [Resp't's Ex. 67] at 173-179.)  He specifically alleged that his sentence of death is disproportionate as compared to others who have committed similar crimes.  (Id. at 173.)  The state habeas proceeding presented the first available opportunity for Petitioner to challenge the Supreme Court of Georgia's proportionality review, and the state habeas court found that the claim had been raised and decided adversely to Petitioner on direct appeal.  (State Habeas Order [Resp't's Ex. 119] at 9 (citing Presnell, 274 Ga. at 256-57 and Presnell, 241 Ga. at 64).)  Therefore, the Court finds that Petitioner properly exhausted Claim XXVI.

      B.   Procedurally Defaulted Claims

      A federal habeas court cannot review a claim that was presented to the state habeas court and rejected pursuant to an independent and adequate state procedural rule.  See Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001).  "Whether a particular claim is subject to the doctrine of procedural default . . . is a mixed question of fact and law."  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  The Eleventh Circuit has "established a three-part test to enable us to determine when a state court's procedural ruling constitutes an independent and adequate state rule of decision."  Id.  "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim."  Id.  "Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law."  Ward v. Hall, 592 F.3d 1144, 1156-57 (11th Cir. 2010) (citing Judd, 250 F.3d at 1313).  "Third, the state procedural rule must be adequate, i.e., firmly established and regularly followed and not applied 'in an arbitrary or unprecedented fashion.'"  Ward, 592 F.3d at 1157 (quoting Judd, 250

F.3d at 1313).

In holding that certain of Petitioner's claims were procedurally defaulted, the state habeas corpus court relied on Georgia's procedural default rule set forth in Black v. Hardin, 255 Ga. 239, 336 S.E.2d 754 (1985). Black states this rule as follows:

> [A] failure to make timely objection to any alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus. However, an otherwise valid procedural bar will not preclude a habeas corpus court from considering alleged constitutional errors or deficiencies if there shall be a showing of adequate cause for failure to object or to pursue on appeal and a showing of actual prejudice to the accused. Even absent such a showing of cause and prejudice, the relief of the writ will remain available to avoid a miscarriage of justice where there has been a substantial denial of constitutional rights.

Id. (emphasis in original); see also O.C.G.A. § 9-14-48(d). Georgia's procedural default rule, as stated in Black, provides an adequate and independent state law ground for denial of a claim. Lynd v. Terry, 470 F.3d 1308, 1313-14 (11th Cir. 2006). Therefore, unless the Court indicates otherwise in this Order, this Court is unable to review the merits of claims that the state habeas corpus court found to be procedurally barred.

As with unexhausted claims that a federal habeas court deems procedurally defaulted, a federal habeas petitioner may still obtain federal review of a procedurally-barred claim if the petitioner can demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law or that a fundamental miscarriage of justice will result if the merits of the claim are not considered. Coleman, 501 U.S. at 750. This Court does not accord deference to any finding of the state court that Petitioner has failed to show cause and prejudice or a miscarriage of justice. Crowe v. Head, 356 F. Supp. 2d 1339, 1350 (N.D. Ga. 2005) (citing Crawford v. Head, 311 F.3d 1288, 1324-27 (11th Cir. 2002)).

The Supreme Court has recognized that the ineffective assistance of trial or appellate counsel is one basis on which a petitioner may establish cause. See Coleman, 501 U.S. at 753-54; Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 91

L. Ed. 2d 397 (1986). In order to determine whether ineffective assistance of counsel provides cause and prejudice to excuse any procedurally defaulted claims in this case, the Court must conduct an analysis under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

To show that his right to effective assistance of counsel was violated, Petitioner must satisfy two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.

To establish that counsel was deficient, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. An ineffective assistance of counsel claim is reviewed from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." United States v. Teague, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (quoting Strickland, 466 U.S. at 689). To show deficient performance, Petitioner must establish that no competent lawyer would have taken the action that his lawyer did take. Chandler, 218 F.3d at 1315. Failure to raise non-meritorious issues is not considered ineffective assistance of counsel. Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990).

To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In making

a determination with respect to this prejudice prong, the court must "consider the totality of the evidence before the judge or jury." Id. at 695. "To determine whether the failure to raise a claim . . . resulted in prejudice, we review the merits of the omitted claim." Eagle v. Linahan, 279 F.3 926, 943 (11th Cir. 2001) (citation omitted). "If . . . the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial . . . ." Id. (citation omitted).

1.    *Portion of Claim II and Claim XVIII*

In Claim II, Petitioner alleges, in part, that his execution would violate the Eighth and Fourteenth Amendments to the United States Constitution because he is mentally ill. Similarly, in Claim XVIII, Petitioner alleges that his execution would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments because he suffers from a combination of mental illness and disabilities, including severe brain damage. These allegations were found by the state habeas corpus court to be procedurally barred because Petitioner did not raise the claims in a timely manner. (See Resp't's Ex. 119 at 23.)   The state habeas corpus court further found that Petitioner failed to satisfy the cause and prejudice test or the miscarriage of justice exception.  (Id.) The Court finds that these claims are procedurally defaulted and that there is no basis upon which to excuse or make an exception to the default.

Respondent argues that these claims stem from Atkins v. Virginia, 536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002), which the Supreme Court decided on June 20, 2002. In Atkins, the Supreme Court held that executing a mentally retarded person constituted "excessive" punishment under the Eighth Amendment's prohibition against cruel and unusual punishment. Id. at 321. Relying on Atkins, Petitioner alleges that the legal basis for these claims is so novel that they were not available to him on direct appeal. Specifically, Petitioner states that the Atkins decision came nearly one year after the Supreme Court of Georgia affirmed his re-sentencing verdict on July 16, 2001, and nine months after it denied reconsideration on September 19, 2001.  See Presnell v. State, 274 Ga. 246, 551 S.E.2d 723 (2001).

Petitioner therefore asserts that he has cause for his failure to raise the claims prior to the state habeas corpus court proceedings.

Notwithstanding Petitioner's urging that the Court essentially extend <u>Atkins</u> to cover mental illness, <u>Atkins</u> addressed mental retardation, not mental illness. Many courts, including the United States Court of Appeals for the Eleventh Circuit, have held that <u>Atkins</u> does not exempt the mentally ill from execution.  <u>Carroll v. Secretary, DOC, FL</u>, 574 F.3d 1354, 1369 (11th Cir. 2009) (rejecting habeas petitioner's claim made pursuant to <u>Atkins</u> that he was exempt from execution because he was mentally ill); <u>see also</u> <u>In re Neville</u>, 440 F.3d 220, 221 (5th Cir. 2006) (holding that <u>Atkins</u> protects only the mentally retarded from execution); <u>Baird v. Davis</u>, 388 F.3d 1110, 1114-15 (7th Cir. 2004) (stating that the Supreme Court has not held that it is unconstitutional to execute "persons who kill under an irresistible impulse"); <u>Lewis v. State</u>, 279 Ga. 756, 764, 620 S.E.2d 778 (2005) (declining to extend <u>Atkins</u> to the mentally ill).  Accordingly, the portion of Petitioner's Claim II and Petitioner's Claim XVIII asserting that Petitioner's execution would violate his constitutional rights because Petitioner is mentally ill and suffers from a combination of mental illness and disabilities are procedurally barred.  The <u>Atkins</u> decision, which does not exempt the mentally ill from execution, cannot form the basis for cause excusing the default of these claims.[2]

2. *Claims IV, XXVII, XXXVI*

In Claim IV of his amended federal habeas petition, Petitioner alleges that the prosecution engaged in repeated misconduct throughout all phases of the trial proceedings, which violated his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.  Specifically, Petitioner alleges that the prosecutor: (a) failed to disclose allegedly relevant, exculpatory files,

---

[2]       Because the mentally ill are not exempted from execution, Petitioner's counsel would not have been ineffective for not raising the claim.  <u>See</u> <u>Card</u>, 911 F.2d at 1520.

information, documents, and/or evidence; (b) made improper, inadmissible, and inaccurate statements during closing argument; and (c) presented testimony it knew or reasonably should have known was perjured. Similar to the allegations in Claim IV(a), Petitioner alleges in Claim XXVII that the state destroyed potentially exculpatory evidence and alleges in Claim XXXVI that the prosecutor suppressed material exculpatory evidence.

### a.   Failure to Disclose Exculpatory Evidence, Destruction and Suppression of Exculpatory Evidence, and Presentation of Perjured Testimony

The state habeas corpus court found Petitioner's claims concerning the prosecutor's alleged failure to disclose exculpatory information, destruction and suppression of exculpatory evidence, and presentation of perjured testimony to be procedurally defaulted due to Petitioner's failure to raise the claims in a timely manner. (Resp't's Ex. 119 at 20, 23, 24.) The state habeas corpus court further found that Petitioner had failed to establish cause and prejudice or satisfy the miscarriage of justice exception with respect to these claims. (Id.) The Court finds that these portions of Claim IV and the entirety of Claims XXVII and XXXVI are procedurally defaulted, but the Court defers consideration of whether Petitioner can overcome the default by establishing cause and prejudice.

Petitioner asserts that these claims involve violations of his constitutional rights as set forth in Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), Kyles v. Whitley, 514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995), and Strickler v. Greene, 527 U.S. 263, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). Petitioner further argues that no valid default exists with respect to these claims because the procedural default rule that Respondent claims he violated is not adequate and independent. In this regard, Petitioner states that the procedural default rule is not strictly and regularly followed, and Petitioner cites cases in which he maintains the Supreme Court of Georgia did not apply the procedural default rule to Brady/Giglio claims. See Smith v. Zant, 250 Ga. 645, 651, 301 S.E.2d 32 (1983) (holding that the

petitioner was entitled to a review of the merits of his claim because he demonstrated grounds for relief which he could not have reasonably raised earlier); Head v. Stripling, 277 Ga. 403, 407, 590 S.E.2d 122, 126 (2003) (holding that the Brady claim was not procedurally defaulted because the petitioner could not have raised the claim earlier).

The Court rejects Petitioner's arguments that the procedural default rule applied by the state habeas court in this case is not regularly followed and therefore not adequate and independent. As Respondent points out, Georgia regularly applies the procedural default doctrine to Brady/Giglio claims. See, e.g., Upton v. Parks, 284 Ga. 254, 255, 644 S.E.2d 196 (2008) ("Because Parks did not pursue his Brady claim until habeas proceedings, the initial question is whether Parks can establish sufficient cause and prejudice to overcome his procedural default."); Walker v. Johnson, 282 Ga. 168, 169, 646 S.E.2d 44 (2007) (concluding that the petitioner's Brady claim was not procedurally defaulted because the petitioner successfully established cause and prejudice to excuse the default); Schofield v. Meders, 280 Ga. 865, 869, 632 S.E.2d 369 (2006) (concluding that the petitioner could not satisfy the cause and prejudice test with respect to his defaulted Brady claim and holding that the claim remained defaulted); Waldrip v. Head, 279 Ga. 826, 829, 620 S.E.2d 829 (2005) (finding that petitioner had failed to show prejudice sufficient to overcome procedural default of Brady claim).

In the two cases relied on by Petitioner, Smith and Stripling, the Supreme Court of Georgia essentially performed a cause and prejudice analysis to determine that the Brady claims in those cases were due to be considered on the merits, notwithstanding the fact that the Supreme Court of Georgia did not expressly refer to its analysis as such.[3] See Turpin v. Todd, 268 Ga. 820, 827, 493 S.E.2d 900 (1997)

---

[3]     The Court notes that Smith preceded the decision in Black v. Hardin by over two years. This might explain the Supreme Court of Georgia's failure to apply the procedural default rule utilizing the precise terminology set forth in Black v. Hardin.

("Thus, this Court in Smith concluded that the State's concealment was a sufficient cause for Smith's failure to raise the claim apart from whether Smith, as the State contended, could have discovered the factual basis of the claim with a diligent investigation."); Head v. Stripling, 277 Ga. at 407 (relying on Turpin's explanation of the cause and prejudice test for overcoming procedural default in determining that the petitioner's Brady claim was not procedurally defaulted).  Therefore, in the Smith and Stripling cases, the Brady claims were subject to the procedural default analysis.  The Supreme Court of Georgia simply determined that there was a sufficient basis to excuse the procedural default and allow the claims to proceed on the merits.  Thus, the Court concludes that the procedural default rule is adequate and independent and that the application of that rule renders Petitioner's Brady claim procedurally defaulted.

Petitioner next asserts that this Court is nevertheless required to address these claims on the merits because there exists cause and prejudice to excuse the procedural default.  With respect to cause, Petitioner relies on Banks v. Dretke, 540 U.S. 668, 697-98, 124 S. Ct. 1256, 157 L. Ed. 2d 1166 (2004) and asserts that the actions of the state in destroying, hiding, or failing to disclose evidence made his compliance with the procedural rule "impracticable."  Petitioner further asserts that he can demonstrate prejudice by establishing a reasonable probability that the result of his sentencing proceeding would have been different had the suppressed evidence been disclosed.  See Strickler, 527 U.S. at 289.

Applying the cause and prejudice analysis to a Brady claim is closely intertwined with reviewing the merits of the Brady claim.  Strickler, 527 U.S. at 281-82.  To prevail on a Brady claim, a petitioner must demonstrate that (1) evidence favorable to the petitioner (2) was suppressed by the government and (3) the petitioner suffered prejudice.  Banks, 540 U.S. at 691.  The Supreme Court observed in Strickler that for a Brady claim that is procedurally defaulted, "cause and prejudice parallel two of the three components of the alleged Brady violation itself."

Id. at 282.  First, the suppression of evidence "constitutes one of the causes for the failure to assert a Brady claim in the state courts."  Id.  Second, as with the prejudice prong of the Brady analysis, prejudice within the context of the cause and prejudice analysis does not exist unless the suppressed evidence was "material" for Brady purposes. Id. Therefore, resolving the merits of a Brady claim is essentially required to resolve the procedural default challenge.

Because the cause and prejudice analysis parallels two of the components of a Brady violation, the Court will evaluate simultaneously the merits of the Brady claim and whether there is a basis to excuse Petitioner from the procedural default of the Brady claim.  Thus, the Court holds that Claims XXVII and XXXVI and the portions of Claim IV concerning the prosecution's failure to disclose exculpatory evidence and the prosecution's presentation of perjured testimony are procedurally defaulted, but the Court will permit the parties to brief the claims fully at a later date to enable the Court to evaluate Petitioner's cause and prejudice arguments.

### b.    Improper Closing Arguments

On Petitioner's direct appeal to the Supreme Court of Georgia, the Supreme Court of Georgia found that Petitioner's claims regarding the State's closing arguments were procedurally defaulted because Petitioner failed to object to any part of the argument at trial.  Presnell v. State, 274 Ga. 246, 255, 551 S.E.2d 723 (2001). The Supreme Court of Georgia further found no error to overcome the procedural default.  Id. at 255-56.

Petitioner maintains that the procedural default doctrine does not preclude this Court from reviewing this portion of Petitioner's Claim IV on the merits because the Supreme Court of Georgia, albeit finding the claim procedurally defaulted, proceeded to address the merits of the claim.  In Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989), the Supreme Court held that a federal court is not foreclosed from reviewing the merits of a habeas claim pursuant to the procedural default doctrine in the absence of a clear statement by the last state court to consider

the claim that it relied on procedural grounds to deny relief.  However, "[w]hen a state court addresses both the independent state procedural ground and the merits of the federal constitutional claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." Cloud v. DeLoach, 147 F. App'x 817, 818-19 (11th Cir. 2005) (citing Marek v. Singletary, 62 F.3d 1295, 1301-02 (11th Cir. 1995)); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) ("However, as here, where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim.")).

In the instant case, the Supreme Court of Georgia discussed the merits only in the context of analyzing whether there was an error that would enable Petitioner to overcome the procedural default.  Therefore, the Court finds that the Supreme Court of Georgia rested its dismissal of the claim on the procedural bar, not the merits, and that the procedural default found by the Supreme Court of Georgia establishes an "adequate and independent" ruling of procedural default. See Smith v. McKee, 598 F.3d 374, 383 (7th Cir. 2010) ("The state court briefly addresses the merits of this claim, but did so only in the context of the cause-and-prejudice analysis required to set aside forfeiture.").

Petitioner further urges that the ineffective assistance of counsel in failing to contemporaneously object to the state's alleged misconduct constitutes cause to excuse the default.  Petitioner requests that the Court defer a ruling on the allegations of default, since the cause and prejudice analysis on the default issue is intertwined with the merits of the claim.  Respondent asserts that the Court should defer to the Supreme Court of Georgia's finding of procedural default due to Petitioner's failure to argue, much less establish, that the Supreme Court of Georgia's conclusions regarding the absence of errors to overcome the procedural default are an unreasonable determination of established federal precedent or an

unreasonable determination of the facts. However, the latter argument is one to be made in a merits brief. Accordingly, while the Court holds that this portion of Claim IV is procedurally defaulted, the Court will allow Petitioner to attempt to show cause and prejudice later in the proceeding to overcome the default.

### 3.   Claims V, XXXII, and XXXVII

In Claim V, Petitioner asserts that his execution by lethal injection would constitute cruel and unusual punishment. In Claim XXXII, Petitioner alleges that his sentence to death under a statute that has been declared unconstitutional renders his death sentence null and void. In Claim XXXVII, Petitioner asserts that subjecting him to death by lethal injection would subject him to punishment under an ex post facto law. The state habeas corpus court found all three of these claims to be procedurally defaulted because Petitioner did not raise the claims in a timely manner. (See Resp't's Ex. 119 at 16-18.) The state habeas corpus court further found that Petitioner had failed to establish cause and prejudice or satisfy the miscarriage of justice exception with respect to each of the claims. (Id.)

Petitioner contends that the state habeas corpus court erred in concluding that Petitioner failed to raise his lethal injection claims in a timely manner, as Petitioner asserts that their factual and legal bases did not exist at the time of his direct appeal. In this regard, Petitioner emphasizes that the Supreme Court of Georgia did not decide Dawson v. State, 274 Ga. 327, 554 S.E.2d 137 (2001), which effectively changed the method by which Petitioner would be executed from electrocution to lethal injection, until more than a month after the conclusion of his direct appeal. Petitioner therefore contends that the procedural default found by the state habeas corpus court is not valid, because Petitioner could not have raised any of his lethal injection claims until the commencement of his state habeas proceedings.

Respondent does not refute Petitioner's assertions that the lethal injection claims were not available to him until the commencement of his state habeas proceedings. Respondent argues, however, that Petitioner cannot establish cause

and prejudice as shown by court decisions holding that death by lethal injection is not unconstitutional.  See, e.g., Baze v. Rees, 553 U.S. 35, 128 S. Ct. 1520, 170 L. Ed. 2d 420  (2008).  Respondent, then, is essentially requesting that the Court reach the merits of the underlying claim, which this Court will not do at this time, given that the parties have not fully briefed the merits of the claim.

Accordingly, albeit found by the state habeas corpus court to be procedurally defaulted, Claims V, XXXII, and XXXVII will not be dismissed, as Petitioner has persuasively argued that he could not have raised any of these claims until the commencement of his state habeas proceedings.  There is cause to excuse the procedural default of these claims, and the Court defers consideration of whether Petitioner can establish prejudice until the parties brief the merits of the claims.

4.     Claim VI

In Claim VI, Petitioner argues that he has been denied a speedy trial.  The state habeas corpus court found this claim to be procedurally defaulted and further found that Petitioner had failed to establish cause and prejudice or satisfy the miscarriage of justice exception. (Resp't's Ex. 119 at 18.)  The Court finds that Claim VI is procedurally defaulted, but the Court will allow Petitioner the opportunity to attempt to overcome the default.

Petitioner contends that the ineffective assistance of his trial and appellate counsel provides cause for any default of this claim.  Petitioner further contends that he can demonstrate prejudice and sets forth several of the arguments he intends to present.  Insofar as Petitioner's allegations of ineffective assistance of counsel have not been fully briefed by the parties and the analysis of prejudice is intertwined with the merits, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine whether ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of the speedy trial claim.  As such, the Court finds the speedy trial claim to be procedurally defaulted, but this finding is without prejudice to Petitioner being

permitted to attempt to establish cause and prejudice to overcome the default.

### 5.    *Claim VII*

In Claim VII, Petitioner alleges that the state violated double jeopardy and his rights to due process, a fair trial, and a reliable sentencing determination by introducing additional statutory and non-statutory aggravating circumstances at his re-sentencing.  The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default.  (Resp't's Ex. 119 at 19.) The Court finds that Claim VII is procedurally defaulted, but the court will allow Petitioner the opportunity to attempt to overcome the default.

Again, Petitioner contends that the ineffective assistance of his trial and appellate counsel provides cause for any default of this claim.  Petitioner further contends that he can demonstrate prejudice and that prejudice in such circumstances is self-evident.  Insofar as Petitioner's allegations of ineffective assistance of counsel have not been fully briefed by the parties and the analysis of prejudice is intertwined with the merits, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine whether any ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of the double jeopardy claim.  As such, the Court finds this double jeopardy claim to be procedurally defaulted, but this finding is without prejudice to Petitioner being permitted to attempt to establish cause and prejudice to overcome the default.

### 6.    *Claim XII*

In Claim XII, Petitioner asserts that he was tried while incompetent.  The state habeas corpus court clearly found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default.  (Resp't's Ex. 119 at 21.)  The Court will consider the merits of Claim XII.

Respondent   concedes   that   Petitioner's   claim   that   he   was   tried   while

incompetent cannot be procedurally defaulted under <u>Adams v. Wainwright</u>, 764 F.2d 1356 (11th Cir. 1985).  Respondent argues, however, that Petitioner abandoned the claim in the state habeas corpus court when he failed to argue the claim or argue in support of the claim.  However, in this Court's opinion, denying or dismissing a claim based on abandonment is a procedural ruling, and this is not the procedural ruling on which the state habeas corpus court relied in denying relief on this claim. Further, while Respondent has cited a couple of decisions in which the Supreme Court of Georgia has deemed issues abandoned in similar circumstances, the Court is not aware of any firmly established and regularly followed state procedural rule dictating that a claim not argued in briefing is abandoned.  <u>Cf.</u> <u>Farmer v. McNeil</u>, No. 5:08cv292/RS/MD, 2010 WL 1957502, at *8 (Apr. 6, 2010) (acknowledging that "it is an established and regularly enforced Florida procedural rule that when some or all claims in a Rule 3.850 post-conviction motion are denied after evidentiary hearing, briefing in the appellate court is required and failure to include and sufficiently argue any and all claims on which appellate review is sought operates as an abandonment of that claim"); <u>Torres v. Sec., Dep't of Corr.</u>, 2008 WL 1897600, at * (M.D. Fla. Apr. 28, 2008) ("Florida law is that, in non-summary proceedings, briefs are required and failure to include and argue any preserved issue in the initial brief acts as a waiver.").  Finally, Respondent improperly raised this abandonment argument for the first time in its reply brief, and Petitioner has not had a fair opportunity to respond to the argument.  Accordingly, insofar as the state habeas corpus court improperly found this claim to be procedurally defaulted, the Court will consider the merits of Claim XII.

> 7.   *Claim XIX*

In Claim XIX, Petitioner maintains that he was denied due process and the right to be present at all proceedings when the trial court excluded him from numerous bench conferences.  The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish

cause and prejudice or a miscarriage of justice to overcome the default. (Resp't's Ex. 119 at 23-24.)  The Court finds that Claim XIX is procedurally defaulted, but the court will allow Petitioner the opportunity to attempt to overcome the default.

Relying on United States v. Gordon, 829 F.2d 119, 124-26 (D.C. Cir. 1987), Petitioner argues that no adequate default exists with respect to this claim, as only he, and not his counsel, can waive his right to be present at trial.  Petitioner likewise asserts that, for this reason, there is no need for him to demonstrate cause and prejudice.  The Court finds Petitioner's arguments to be without merit, particularly in the context of the claim presented by Petitioner in this case.

Petitioner does not allege that he was not present in the courtroom when these bench conferences from which he was allegedly excluded occurred.  Unlike the criminal defendant in the Gordon case, who was absent from the courtroom during jury selection, Petitioner was present in the courtroom during the occurrences of the alleged bench conferences and could have made any objection known.  See United States v. Gagnon, 470 U.S. 522, 528-29, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985) (holding that defendant or defendant's counsel must affirmatively assert right to be present at conferences and stating that the court "need not get an express 'on the record' waiver from the defendant for every trial conference which a defendant may have a right to attend"); Kilmartin v. Dormire, 161 F.3d 1126, 1127 (8th Cir. 1998) (finding no violation of the defendant's right to be present during a bench conference because the defendant was not excluded from the courtroom and the defendant "voiced neither a desire to be present nor an objection to his absence from the bench conference").  Further, courts have held that claims similar to Petitioner's can be procedurally defaulted.  See Williams v. French, 146 F.3d 203, 218 (4th Cir. 1998); Cole v. Crosby, No. 505CV222OC10GRJ, 2006 WL 1169536, at *8 (M.D. Fla. May 3, 2006).

As to cause and prejudice, Petitioner alternatively argues that cause to excuse the default exists for at least two reasons.  First, Petitioner states that his absence

from the proceedings prevented him from raising this claim.  Second, Petitioner states that the ineffective assistance of both his trial counsel in failing to secure his presence and object to his absence and also his appellate counsel for failing to raise this claim on direct appeal provides cause to excuse any default of the claim.  The Court finds the first basis for cause is without merit, as Petitioner has not alleged that he was absent from the courtroom and therefore completely unable to object. As to the second proposed basis for cause, Petitioner's allegations of ineffective assistance of counsel have not been fully briefed by the parties.  Additionally, the prejudice inquiry will require the Court to review the merits of the underlying claim. As such, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine whether any ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of this claim.  Therefore, the Court finds Claim XIX to be procedurally defaulted, but this finding is without prejudice to Petitioner being permitted to attempt to establish cause and prejudice to overcome the default.

>     8.     *Claim XXIII*

In Claim XXIII, Petitioner argues that the trial court violated his constitutional rights by failing to provide him with the necessary assistance of competent and independent experts.  The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default. (Resp't's Ex. 119 at 20-21.)  The Court finds that Claim XIX is procedurally defaulted, but the court will allow Petitioner the opportunity to attempt to overcome the default.

Petitioner asserts that to the extent his trial counsel failed to request or make the proper showing necessary to secure this expert assistance, they provided ineffective assistance of counsel that excuses any procedural default.  As to prejudice, Petitioner states that he tendered evidence in his state habeas proceedings demonstrating the type of appropriate expert assistance to which he was entitled.

Insofar as Petitioner's allegations of ineffective assistance of counsel have not been fully briefed by the parties and the analysis of prejudice is intertwined with the merits, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine whether ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of the speedy trial claim. As such, the Court finds Claim XXIII to be procedurally defaulted, but this finding is without prejudice to Petitioner being permitted to attempt to establish cause and prejudice to overcome the default.

        9.    *Claim XXVIII*

In Claim XXVIII, Petitioner asserts that the jury committed misconduct throughout all phases of the trial and was infected with bias. The alleged juror misconduct included the following:

a)    violating their oaths and the court's instructions;

b)    being tainted and/or affected by and/or relying upon outside, extraneous and/or unlawful influences, facts, factors, sources of fact and/or law, person and officials;

c)    referring to and/or consulting and/or relying upon any and all such outside, extraneous and/or unlawful influences, facts, factors, sources of fact and/or law, persons and officials;

d)    testifying falsely during jury selection and/or failing to reveal relevant and material information;

e)    making improper and unlawful attempts to contact, and/or contacting court officials, the parties, witnesses and/or other outside sources and/or influences;

f)    considering matters extraneous to the trial;

g)    refusal of certain jurors to deliberate;

h)    ex parte deliberations by certain jurors;

i)    improper biases of jurors that infected their deliberations; and

j)      improperly prejudging Petitioner's case.

The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default. (Resp't's Ex. 119 at 22-23.) The Court finds that Claim XXVIII is procedurally defaulted, but the court will allow Petitioner the opportunity to attempt to overcome the default.

Petitioner contends that no valid default exists with respect to Claim XXVIII. In this regard, Petitioner asserts that no evidence would have alerted Petitioner's trial or appellate counsel to the existence of the alleged misconduct. See Turpin v. Todd, 268 Ga. 820, 827, 493 S.E.2d 900 (1997) (finding cause for a petitioner's failure to raise a claim of juror misconduct on appeal based, in part, on there being "no evidence . . . that would have alerted trial or appellate counsel to the presence of any misconduct by the jury or the bailiff"). Assuming that the factual basis for the claim was not reasonably available to counsel, Petitioner has a basis to argue that there is cause to excuse the procedural default, see McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991); Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), but the state habeas corpus court's initial finding of procedural default is not invalid. The Court will permit Petitioner the opportunity to attempt to establish cause and prejudice to overcome the procedural default of the claim.

Petitioner likewise maintains that his jurors failed to disclose fully and accurately the full prejudicial impact of an incident in which a member of the public allegedly accosted them and urged them to "Fry him!" As to this portion of the juror misconduct claim, Petitioner contends that the ineffective assistance of his trial and appellate counsel excuses the default. Insofar as Petitioner's allegations of ineffective assistance of counsel have not been fully briefed by the parties and the analysis of prejudice is intertwined with the merits, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine

whether ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of this portion of the juror misconduct claim. As such, the Court finds this portion of Claim XXVIII to be procedurally defaulted, but this finding is without prejudice to Petitioner being permitted to attempt to establish cause and prejudice to overcome the default.

> 10. *Claim XXIX*

In Claim XXIX, Petitioner maintains that the application of the unified appeal procedure in his re-sentencing trial deprived him of the effective assistance of counsel, a fair trial by a fair and impartial jury, due process, equal protection, and a fair and reliable capital sentencing proceeding. The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default. (Resp't's Ex. 119 at 24-25.) The Court finds that Claim XXIX is procedurally defaulted, but the court will allow Petitioner the opportunity to attempt to overcome the default.

Petitioner contends that his trial and appellate counsel rendered ineffective assistance by failing to object to this procedure's application or to challenge it on his direct appeal and that such ineffective assistance by his counsel excuses the default of this claim. Petitioner also articulates several bases for asserting prejudice. Insofar as Petitioner's allegations of ineffective assistance of counsel have not been fully briefed by the parties and the analysis of prejudice is intertwined with the merits, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine whether ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of the claim. As such, the Court finds Claim XXIX to be procedurally defaulted, but this finding is without prejudice to Petitioner being permitted to attempt to establish cause and prejudice to overcome the default.

11.   *Claim XXX*

In Claim XXX, Petitioner alleges that the lack of a uniform standard for seeking the death penalty across Georgia renders his death sentence unconstitutional under Bush v. Gore, 531 U.S. 98, 121 S. Ct. 525, 148 L. Ed. 2d 388 (2000).  The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default.  (Resp't's Ex. 119 at 25.)  The Court finds that Claim XXX is procedurally defaulted and due to be dismissed.

As indicated above, Petitioner premises this claim on Bush v. Gore, which Petitioner states the Supreme Court decided two weeks after Petitioner filed his notice of appeal with the Supreme Court of Georgia and just two months before he filed his principal brief on that direct appeal.  Petitioner maintains that his claim based on this decision is so novel that its legal basis was not reasonably available to counsel and that he therefore has cause for his failure to raise the claim before the Supreme Court of Georgia.  Petitioner alternatively argues that the ineffectiveness of his counsel in failing to raise this claim constitutes cause to excuse the default.  The Court disagrees and finds no need to receive further briefing on this issue.

Bush v. Gore, which involved an analysis of equal protection in the context of the election process, has no relevance in the criminal procedure context.  Coleman v. Quarterman, 456 F.3d 537, 542-43 (5th Cir. 2006); Crowe v. Terry, 426 F. Supp. 2d 1310, 1355 (N.D. Ga. 2005).  Indeed, the opinion in Bush v. Gore expressly states that it is limited to the specific facts presented in that case.  531 U.S. at 109 ("Our consideration is limited to the present circumstances, for the problem of equal protection in election processes generally presents many complexities.").  Therefore, the Supreme Court's issuance of the decision in Bush v. Gore does not excuse Petitioner's procedural default of this claim, and Petitioner's appellate counsel did not render ineffective assistance by not raising the claim on Petitioner's appeal.  Claim XXX will be dismissed.

12.   *Claim XXXI*

In Claim XXXI, Petitioner argues that the verdict was fatally vague and deprived Petitioner of his constitutional rights. The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default. (Resp't's Ex. 119 at 25.) The Court finds that Claim XXXI is procedurally defaulted, but the court will allow Petitioner the opportunity to attempt to overcome the default.

Petitioner asserts that the ineffectiveness of his appellate counsel in failing to raise this claim on his direct appeal constitutes cause to excuse the default. Insofar as Petitioner's allegations of ineffective assistance of appellate counsel have not been fully briefed by the parties and the analysis of prejudice is intertwined with the merits, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine whether ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of the claim. As such, the Court finds Claim XXXI to be procedurally defaulted, but this finding is without prejudice to Petitioner being permitted to attempt to establish cause and prejudice to overcome the default.

13.   *Claim XXXIII*

In Claim XXXIII, Petitioner asserts that his re-sentencing trial violated his right to be free from double jeopardy. The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default. (Resp't's Ex. 119 at 18-19.) The Court finds that Claim XXXIII is procedurally defaulted, but the court will allow Petitioner the opportunity to attempt to overcome the default.

Petitioner contends that the ineffective assistance of his trial and appellate counsel provides cause for any default of this claim. Petitioner further contends that

he can demonstrate prejudice because if the state indeed violated his right to be free from double jeopardy, his sentence of death would be invalid. Insofar as Petitioner's allegations of ineffective assistance of counsel have not been fully briefed by the parties and the analysis of prejudice is intertwined with the merits of the double jeopardy claim, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine whether any ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of the double jeopardy claim. As such, the Court finds this double jeopardy claim to be procedurally defaulted, but this finding is without prejudice to Petitioner being permitted to attempt to establish cause and prejudice to overcome the default.

> 14.   *Claim XXXIV*

In Claim XXXIV, Petitioner alleges that the state used peremptory challenges in a discriminatory manner. The state habeas corpus court found this claim to be procedurally defaulted and additionally found that Petitioner had failed to establish cause and prejudice or a miscarriage of justice to overcome the default. (Resp't's Ex. 119 at 19-20.) The Court finds that Claim XXXIV is procedurally defaulted, but the court will allow Petitioner the opportunity to attempt to overcome the default.

Petitioner maintains that his trial counsel rendered ineffective assistance by failing to object to the state's use of its peremptory challenges and that his appellate counsel rendered ineffective assistance by failing to raise this issue on appeal. Petitioner argues that said ineffective assistance constitutes cause to excuse any procedural default and that the prejudice from the violation is patent. Insofar as Petitioner's allegations of ineffective assistance of counsel have not been fully briefed by the parties and the analysis of prejudice is intertwined with the merits, the Court is not presently in a position to rule on the ineffective assistance of counsel allegations and determine whether any ineffective assistance of counsel supports the existence of cause and prejudice to excuse the procedural default of Claim XXXIV. As such, the Court finds this claim to be procedurally defaulted, but this finding is

without prejudice to Petitioner being permitted to attempt to establish cause and prejudice to overcome the default.

## III.   CONCLUSION

Based on the foregoing reasons, the Court concludes that Petitioner's Claim XXVI was properly exhausted and is allowed to proceed on the merits.  Petitioner's Claims IV, VI, VII, XIX, XXIII, XXVII, XXVIII, XXIX, XXXI, XXXIII, XXXIV, XXXVI are procedurally defaulted, without prejudice to Petitioner demonstrating cause and prejudice to overcome the default.  Petitioner's Claims V, XXXII, and XXXVII are also procedurally defaulted; however, since Petitioner has already established cause to excuse the default, Claims V, XXXII, and XXXVII are deemed procedurally defaulted, without prejudice to Petitioner demonstrating prejudice to excuse the default.  The portion of Petitioner's Claim II based on mental illness and the entirety of Claims XVIII and XXX are procedurally defaulted and hereby **DISMISSED**.  Petitioner's Claim XII is not procedurally defaulted and is allowed to proceed on the merits.

In accordance with the Consent Scheduling Order [Doc. No. 12] entered in this case, Petitioner shall have sixty (60) days from the date of this Order to file any request for discovery.

SO ORDERED this 25th day of March, 2013.


s/   CLARENCE COOPER

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE